**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NBCUniversal Media, LLC, | |
| *Plaintiff*, | Case No.: 26-cv-02355 |
| v. | **Judge Elaine E. Bucklo** |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | **Magistrate Judge M. David Weisman** |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WHING'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

**Page**

**INTRODUCTION** ................................................................................................................ 1

**LEGAL STANDARD** ......................................................................................................... 2

**ARGUMENT** ....................................................................................................................... 2

     I.       A Preliminary Injunction Should Not Enter Against Defendant ............................ 2

          A.      Plaintiff Has Failed to Prove a Likelihood of Success on the Merits on its Trademark Infringement Claim ................................................................. 2

          B.      Plaintiff Has Failed to Prove that Irreparable Injury is Likely in the Absence of an Injunction ........................................................................ 6

          C.      Plaintiff Has Failed to Prove that the Balance of Equities or Public Interest Favors a Preliminary Injunction ................................................... 8

          D.      The Equitable Relief Sought is not Appropriate as against Defendant .... 10

**CONCLUSION** ................................................................................................................. 11

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Americash Loans, LLC v. AO Ventures, LLC*,
No. 08 C 1616, 2009 WL 743010 (N.D. Ill. Mar. 19, 2009)..........................................................4

*Central Mfg., Inc. v. Brett*,
492 F.3d 876 (7th Cir.2007) .........................................................................................................2

*eBay Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006).......................................................................................................................7

*Eli Lilly & Co. v. Nat. Answers, Inc.*,
233 F.3d 456 (7th Cir. 2000) .........................................................................................................7

*Ferring Pharm., Inc. v. Watson Pharm., Inc.*,
765 F.3d 205 (3d Cir. 2014) ..........................................................................................................7

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*,
736 F.3d 1239 (9th Cir. 2013) .......................................................................................................7

*KTM AG v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated
Associations Identified on Schedule A Hereto*,
No. 24-CV-03278, 2025 WL 965130 (N.D. Ill. Mar. 31, 2025) .....................................................3

*Mkt. Track, LLC v. Efficient Collaborative Retail Mktg., LLC*,
No. 14 C 4957, 2015 WL 3637740 (N.D. Ill. June 12, 2015).......................................................7

*Orr v. Shicker*,
953 F.3d 490 (7th Cir. 2020).........................................................................................................2

*Packman v. Chi. Tribune Co.*,
267 F.3d 628 (7th Cir. 2001) .........................................................................................................3

*Philip Morris USA Inc. v. Scott*,
561 U.S. 1301 (2010).....................................................................................................................6

*Sampson v. Murray*,
415 U.S. 61 (1974).........................................................................................................................6

*Slep-Tone Entm't Corp. v. Coyne*,
41 F. Supp. 3d 707 (N.D. Ill. 2014) ..............................................................................................4

*SportsFuel, Inc. v. PepsiCo, Inc.*,
932 F.3d 589 (7th Cir. 2019) ...............................................................................................2, 3, 5

*Swarovski Aktiengesellschaft v. Bldg. No. 19, Inc.*,
704 F.3d 44 (1st Cir. 2013) ...........................................................................................................7

*Uncommon, LLC v. Spigen, Inc.*,
305 F. Supp. 3d 825 (N.D. Ill. 2018) ............................................................................................5

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008)............................................................................................... 2, 6, 8

**Statues**

15 U.S.C. § 1115(b) ............................................................................................... 3

15 U.S.C. § 1116(a)............................................................................................... 6

**INTRODUCTION**

Defendant WHING (Defendant 8 on Schedule A to Plaintiff's Complaint) respectfully submits this memorandum of law in opposition to Plaintiff's motion for preliminary injunction. Plaintiff seeks the extraordinary remedy of a preliminary injunction based on unproven allegations of trademark infringement. The Motion should be denied as to Defendant because Plaintiff fails to satisfy any of the required elements for such relief.

First, Plaintiff cannot demonstrate a likelihood of success on the merits. Defendant's use of the phrases "SCHRUTE FARMS" and "DUNDER MIFFLIN" constitutes nominative fair use because the phrases are used solely to reference fictional entities from the television series The Office and not as trademarks identifying the source of the goods. Plaintiff offers no evidence of consumer confusion and therefore cannot establish infringement.

Second, Plaintiff fails to show that irreparable harm is likely absent injunctive relief. Plaintiff relies only on conclusory assertions of reputational injury, loss of goodwill, and potential confusion while presenting no evidence of actual or imminent harm. Moreover, Defendant has already ceased selling any products incorporating the marks at issue, eliminating any possibility of ongoing infringement.

Third, the balance of equities and the public interest weigh strongly against granting the requested injunction. The sweeping restraints Plaintiff seeks—including the freezing of Defendant's Amazon accounts—have caused severe disruption to Defendant's businesses while generating no corresponding benefit to Plaintiff. The limited sales associated with the accused products stand in stark contrast to the substantial harm imposed on Defendant by these restrictions.

Because Plaintiff has failed to establish likelihood of success, irreparable harm, or equitable entitlement to extraordinary relief, the Injunctive Relief requested by Plaintiff should be denied immediately.

1

**LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24 (citation omitted). It is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr*, 953 F.3d at 501 (citation omitted).

**ARGUMENT**

**I.      A Preliminary Injunction Should Not Enter Against Defendant**

**A.      Plaintiff Has Failed to Prove a Likelihood of Success on the Merits on its Trademark Infringement Claim**

To state a clam for trademark infringement under the Lanham Act, a plaintiff must allege that (1) its mark is protectable; and (2) the defendant's use of the trademark is likely to cause confusion among consumers. *SportsFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019); *Central Mfg., Inc. v. Brett*, 492 F.3d 876, 881 (7th Cir.2007) (holding that "[a]n action for trademark infringement can only succeed if, among other things, the plaintiff owns the mark," and although "[r]egistration provides prima facie evidence of ownership ..., [u]ltimately, it is not the fact of registration that matters so much as the use of the mark in commerce").

The Complaint alleges that Defendant WHING used the "SCHRUTE FARMS" and "DUNDER MIFFLIN" trademarks, thereby causing trademark infringement and false designation of origin. *See* Dkt. 1 ¶¶ 30–41. True and accurate copies of the referenced materials are attached below:

2



The Lanham Act recognizes a statutory "fair use" defense to claims of trademark infringement. *See* 15 U.S.C. § 1115(b). The "fair use" defense is an affirmative defense that "allows individuals to use otherwise trademarked language in a descriptive sense." *SportsFuel*, 932 F.3d at 595. To prevail on this affirmative defense, Defendant needs to show that "(1) it did not use [asserted mark] as a trademark, (2) the use is descriptive of its goods, and (3) it used the mark fairly and in good faith." *KTM AG v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24-CV-03278, 2025 WL 965130, at *2 (N.D. Ill. Mar. 31, 2025) (quoting *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001)).

"Under the nominative fair use doctrine, a defendant is protected from trademark infringement claims when the defendant uses the plaintiff's trademark to refer to the plaintiff's

goods or services in a non-confusing manner." *Americash Loans, LLC v. AO Ventures, LLC*, No. 08 C 1616, 2009 WL 743010, at \*4 (N.D. Ill. Mar. 19, 2009). To establish nominative fair use, the alleged infringer must demonstrate that: "(1) the product or service in question is not readily identifiable without use of the trademark; (2) only so much of the mark is used as reasonably necessary to identify the product or service; and (3) the user of the mark did nothing that would suggest sponsorship or endorsement by the trademark holder." *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707, 717 (N.D. Ill. 2014) (internal citations omitted). Moreover, "[w]hen analyzing nominative fair use, it is not necessary to address likelihood of confusion because the nominative fair use analysis replaces the likelihood-of-confusion analysis." *Id*.

Here, Defendant's use of "SCHRUTE FARMS" and "DUNDER MIFFLIN" constitutes nominative fair use. These terms are well-known references associated with the television series *The Office*, produced by NBCUniversal. Defendant used the phrases only to identify the thematic content of the bar accessories sold under the product title "Funny The Office Coasters for Drinks – The Office Merchandise Coasters Set of 6 with Holder." The phrases "SCHRUTE FARMS" and "DUNDER MIFFLIN" appear solely as references to the fictional entities depicted in the television series and are used in a descriptive manner to convey the theme of the product, rather than as trademarks identifying the source of the goods. Defendant used no more of the marks than reasonably necessary to identify the referenced subject matter, and nothing in the product listing suggests that the goods are sponsored by, affiliated with, or endorsed by NBCUniversal. Because the marks are used only to refer to the content associated with *The Office* and not to designate the source of the goods, Defendant's use constitutes nominative fair use and cannot give rise to a likelihood of consumer confusion.

Plaintiff's evidence, at most, demonstrates that Defendant used "SCHRUTE FARMS" and

4

"DUNDER MIFFLIN" as references in connection with the sale of the accused products, without any implication that such use is likely to cause confusion as to the source, sponsorship, or affiliation of those products. Accordingly, Plaintiff has failed to establish a likelihood of success on the merits. *Uncommon, LLC v. Spigen, Inc.*, 305 F. Supp. 3d 825, 857 (N.D. Ill. 2018), aff'd, 926 F.3d 409 (7th Cir. 2019) (holding that "trademark infringement under 15 U.S.C. § 1114(a); unfair competition and false designation of origin under 15 U.S.C. § 1125(a) … require Plaintiff to show that: (1) Plaintiff holds a protected right in the mark; and (2) Defendant's use is likely to confuse consumers or deceive the public.").

In addition, Plaintiff's theory of likelihood of trademark infringement improperly conflates trademark and copyright principles. Plaintiff appears to treat any use of well-known fictional references as actionable under trademark law. But to the extent Plaintiff contends that any reference to elements from *The Office* is infringing, that theory, if anywhere, sounds in copyright—not trademark. Trademark law, however, turns on consumer confusion. Plaintiff has failed to show that Defendant's descriptive references to "SCHRUTE FARMS" or "DUNDER MIFFLIN" are likely to cause consumers to believe that the accused products originate from, are sponsored by, or are affiliated with NBCUniversal. Absent such a showing, Plaintiff cannot meet its burden to establish a likelihood of success on the merits.

Even if the Court were to conclude that nominative fair use does not apply, Plaintiff still bears the burden of proving a likelihood of consumer confusion. *SportsFuel*, 932 F.3d at 595. Plaintiff has failed to meet that burden here. The Motion for Entry of TRO and Motion for Entry of Preliminary Injunction present no concrete evidence of actual confusion among consumers or in the marketplace. *See* Dkt. 13, Dkt. 34. Instead, Plaintiff relies solely on conclusory allegations while seeking the extraordinary remedy of injunctive relief. Notably, Plaintiff did not provide

Defendant any opportunity to address or respond to the allegations before seeking to freeze Defendant's assets through this litigation. In the absence of any evidence demonstrating consumer confusion or marketplace harm, Plaintiff cannot establish a likelihood of confusion, and therefore cannot demonstrate a likelihood of success on the merits.

For these reasons, Plaintiff cannot demonstrate a likelihood of success on the merits of its trademark infringement claims. Defendant's use of the phrases "SCHRUTE FARMS" and "DUNDER MIFFLIN" constitutes nominative fair use, and Plaintiff has presented no evidence of consumer confusion or marketplace harm. Accordingly, Plaintiff's request for preliminary injunctive relief should be denied.

## B. Plaintiff Has Failed to Prove that Irreparable Injury is Likely in the Absence of an Injunction

"Plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 24. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). "Normally the mere payment of money is not considered irreparable …because money can usually be recovered from the person to whom it is paid." *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (citation omitted).

The possibility of irreparable harm alleged by Plaintiff is insufficient for a preliminary injunction. In support of its TRO application and the present Motion, Plaintiff asserts that it is likely to suffer three forms of irreparable harm: (1) reputational harm, (2) loss of trademark exclusivity, and (3) damage to goodwill and brand confidence. Dkt. 13 at 10. Plaintiff further relies on the statutory presumption of irreparable harm based on an alleged likelihood of confusion. *Id*. at 9; 15 U.S.C. § 1116(a). Plaintiff, however, fails to explain *how* it is likely to suffer such harm or

present any *evidence* showing it is likely to suffer such harm absent a preliminary injunction against Defendant.

First, Plaintiff is not entitled to any presumption of irreparable harm. Although the Seventh Circuit historically recognized a presumption that trademark infringement may give rise to irreparable harm, *see Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000), that presumption has been substantially undermined by the Supreme Court's decision in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). In *eBay*, the Supreme Court rejected categorical rules that automatically grant injunctive relief upon a finding of infringement and reaffirmed that courts must apply traditional equitable principles when considering injunctive relief. *Id*. at 392–93. Following *eBay*, several courts in this Circuit have declined to apply an automatic presumption of irreparable harm in trademark cases and instead require plaintiffs to demonstrate irreparable injury based on the specific facts of the case. *Mkt. Track, LLC v. Efficient Collaborative Retail Mktg., LLC*, No. 14 C 4957, 2015 WL 3637740, at *23 (N.D. Ill. June 12, 2015); *see also Swarovski Aktiengesellschaft v. Bldg. No. 19, Inc.*, 704 F.3d 44, 54 (1st Cir. 2013); *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 216 (3d Cir. 2014); *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1248–49 (9th Cir. 2013).

Moreover, even where courts have applied a presumption of irreparable harm, such a presumption depends on a threshold showing of likely trademark infringement. Plaintiff fails to meet that burden here. As explained above, Defendant's use of the phrases "SCHRUTE FARMS" and "DUNDER MIFFLIN" constitutes nominative fair use. The phrases are used solely to refer to fictional entities from The Office and not as source identifiers. As such, there is no likelihood of consumer confusion and therefore no basis to presume irreparable harm.

Second, Plaintiff has presented no concrete evidence of irreparable harm. Instead, Plaintiff

relies only on conclusory allegations of reputational injury, loss of goodwill, and potential consumer confusion, without any evidence demonstrating that such harm is likely to occur absent injunctive relief. In the absence of any evidence of consumer confusion or ongoing infringement, Plaintiff cannot establish irreparable harm.

To the contrary, Defendant has expressly agreed that they will not sell any products bearing or incorporating the marks "DUNDER MIFFLIN," "DUNDIE," "SCHRUTE FARMS," or any other marks substantially similar thereto. *See* Pan Decl. ¶¶ 7–8. Accordingly, there is no ongoing or threatened infringement that could give rise to irreparable harm. Plaintiff therefore fails to meet its burden of demonstrating irreparable injury necessary to support the extraordinary remedy of a preliminary injunction.

Accordingly, Plaintiff has failed to carry its burden of demonstrating that irreparable harm is likely in the absence of injunctive relief. Plaintiff relies only on speculative and conclusory assertions rather than concrete evidence of actual or imminent harm. Moreover, Defendant has ceased and agreed not to sell any products bearing the marks at issue, eliminating any possibility of ongoing infringement. Under these circumstances, Plaintiff cannot establish irreparable injury as required under *Winter*, and the extraordinary remedy of a preliminary injunction is therefore unwarranted.

**C.** **Plaintiff Has Failed to Prove that the Balance of Equities or Public Interest Favors a Preliminary Injunction**

In deciding whether to grant a preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted). Here, both the balance of equities and the public interest weigh strongly against the extraordinary relief Plaintiff seeks.

First, the hardship imposed on Defendant by the requested injunction far outweighs any

speculative harm asserted by Plaintiff. As explained in the Declaration, the Accused Products represent only a small fraction of the items sold through the WHING Amazon storefront, and the total revenue from those products over the past two years did not exceed approximately $4,100. Pan Decl. ¶ 5. Yet the enforcement actions associated with this case have resulted in the freezing of Defendant's Amazon seller accounts, effectively preventing them from operating their online stores and selling unrelated products. *Id*. ¶¶ 4–6. The financial and operational harm caused by these restrictions vastly exceeds the limited revenue generated by the accused products.

Second, the equities weigh against maintaining extraordinary restraints where Defendant has already taken steps to eliminate any possibility of future dispute. Defendant has expressly confirmed that they will not sell any products bearing or incorporating the marks "DUNDER MIFFLIN," "DUNDIE," "SCHRUTE FARMS," or any substantially similar marks. Pan Decl. ¶¶ 7–8. Because Defendant has voluntarily ceased the challenged conduct, there is no ongoing or threatened infringement that could justify the continuation of sweeping injunctive measures. Under these circumstances, maintaining broad restraints against Defendant would serve no legitimate equitable purpose.

Third, the public interest favors denying the requested injunction. Courts recognize that the public interest is best served by preserving fair competition and preventing the misuse of extraordinary remedies to suppress lawful business activity before liability has been established. Here, Plaintiff seeks to maintain sweeping restraints against small online sellers based on unproven allegations, despite the absence of evidence of consumer confusion and despite Defendant's voluntary cessation of the challenged conduct. Granting such relief would improperly allow Plaintiff to obtain coercive leverage in litigation while inflicting disproportionate harm on Defendant's businesses.

In contrast, denying the requested injunction merely preserves the status quo while this case proceeds through the ordinary course of litigation. Plaintiff remains free to pursue its claims and obtain appropriate relief should it ultimately prevail. What the law does not permit is the imposition of severe economic restraints based on speculation rather than proof. Accordingly, because the balance of equities and the public interest weigh decisively against the issuance of a preliminary injunction, the Preliminary Injunction request should be denied.

### D. The Equitable Relief Sought is not Appropriate as against Defendant

The Preliminary Injunction—particularly the continued freezing of Defendant's Amazon accounts and assets—functions as a sweeping and unjustified restraint that bears no reasonable relationship to the limited conduct alleged in this case. Such injunction imposes severe economic pressure on small online sellers like Defendant and effectively forces them toward settlement of unproven claims while depriving them of the ability to operate their lawful businesses. Courts have repeatedly cautioned that preliminary injunctions are an extraordinary remedy and should not be used as a coercive litigation tool, particularly where the underlying claims remain unproven.

Here, Plaintiff seeks to obtain broad injunctive restrictions based on speculative assertions of reputational harm, goodwill damage, and potential consumer confusion. Yet Plaintiff offers no *prima facie* evidence that Defendant's conduct has caused—or is likely to cause—any such harm. The record demonstrates the opposite. As explained in the Declaration, the Accused Products represent only a very small portion of the products sold through the WHING Amazon storefront, and the total sales of those products over the past two years did not exceed approximately $4,100. *See* Pan Decl. ¶ 5. By contrast, the freezing of the Amazon seller account has caused far greater financial harm by preventing Defendant from operating their storefront and selling their other unrelated products. *Id*. ¶¶ 4–6. Moreover, Defendant has expressly confirmed that they have ceased

10

and will not sell any products incorporating the marks "SCHRUTE FARMS" or "DUNDER MIFFLIN." *See* Pan Decl. ¶¶ 7–8. Under these circumstances, there is no legitimate basis for maintaining the continued freeze of Defendant's Amazon accounts.

Accordingly, because Plaintiff has failed to demonstrate any ongoing harm, likelihood of future infringement, or equitable justification for the extraordinary relief it seeks, the balance of equities weighs strongly against maintaining the requested injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet its burden of demonstrating that a preliminary injunction is warranted. Plaintiff cannot establish a likelihood of success on the merits, has not shown that irreparable harm is likely absent injunctive relief, and cannot demonstrate that the balance of equities or the public interest favors the extraordinary relief it seeks. To the contrary, Defendant has ceased the challenged conduct and agreed not to sell products bearing the marks at issue, eliminating any possibility of ongoing infringement.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's request for Preliminary Injunction as to Defendant WIHING and lift the restraints imposed on their Amazon seller accounts and assets, together with such other relief as the Court deems just and proper.

Dated:   April 21, 2026.

THE LAW OFFICE OF X. LYU, PLLC

By: */s/  Xintong Lyu*
    Xintong Lyu, NYSBA No. 6253975
    36-36 Prince St., Ste 309A
    Flushing, New York 11354
    (212) 812-823
    catherine.lyu@lyulawpllc.com

11

Jian Wang NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8273
Email: jwang@lyulawpllc.com

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 21, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
Xintong Lyu

13