IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NBCUniversal Media, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br><br>*Defendants*. | Case No.: 26-cv-02355<br><br>**Judge Elaine E. Bucklo**<br><br>**Magistrate Judge M. David Weisman** |

**DEFENDANT WHING'S STATUS REPORT**

Defendant WHING ("Defendant"), by and through its undersigned counsel, respectfully submits this status report to correct the inaccurate and misleading statements regarding Defendant in Plaintiff NBCUniversal Media, LLC's ("Plaintiff") Status Report (Dkt. 51) and Supplemental Status Report (Dkt. 55).

1.     On April 6, 2026, Defendant's counsel contacted Plaintiff's counsel regarding the status of this case and to explore the possibility of resolving the matter without further litigation. *See* Ex. 1 at 6.

2.     Later that same day, Plaintiff's counsel requested additional information from Defendant in order to evaluate a potential settlement amount. *See id.* at 5.

3.     On April 7, 2026, Defendant, through counsel, provided key information, including the entity name and physical address associated with operation of the WHING Amazon storefront, total sales information, and the ASINs for the accused products. *See id*. at 3–4. Defendant also

1

explained that it could not produce supplier information absent entry of a protective order and requested that Plaintiff proceed on that basis if additional confidential information were sought. *See id*. at 4.

4. On April 8, 2026, Defendant made a good-faith settlement offer of $500 to resolve the matter without further litigation and further represented that there would be no future sales of the accused products. *See id*. at 1–2.

5. Plaintiff rejected that offer.

6. On April 21, 2026, after efforts to resolve the matter without further proceedings were unsuccessful, Defendant filed its Opposition to Plaintiff's Motion for Preliminary Injunction. *See* Dkt. 21.

7. On April 28, 2026, after no action had been taken for approximately one week, and after Plaintiff's counsel declined to consent to releasing Defendant's Amazon account from restraint despite the expiration of the TRO and the absence of any ruling entering a preliminary injunction at that time, Defendant filed its Motion to Clarify the Status of Temporary Restraining Order and Preliminary Injunction Proceedings. *See* Dkt. 43.

8. On May 6, 2026, Plaintiff filed its Motion for Entry of Default and Motion for Default Judgment. *See* Dkt. 47.

9. Plaintiff included Defendant in its default filings but did not contact Defendant's counsel before doing so.

10. On May 12, 2026, counsel for Plaintiff and Defendant conferred pursuant to Local Rule 37.2 regarding Defendant's response to Plaintiff's expedited discovery requests. See Ex. 2 at 3.

11. During that conference, Defendant's counsel addressed the discovery issues and, at approximately 5:24, stated: "Plaintiff should bear the burden to prepare the proposed protective order. So if you propose the protective order, we could review and take a look and execute that. After that, we'll provide all the information." *See* Wang Decl. ¶ 5. Plaintiff's counsel declined to prepare a protective order. *See id*. ¶ 6.

12. In addition, at approximately 6:54, in light of the Court's continued inaction on Defendant's Opposition to Preliminary Injunction (Dkt. 21) and Motion to Clarify (Dkt. 43), Defendant's counsel stated that the parties "should probably ... set a deadline for responsive pleading and Rule 26(f) conference and discovery schedule." *See id*. ¶ 8. Plaintiff declined and instead maintained that it intended to proceed on default. *See id*. ¶ 9.

13. At approximately 10:24, Plaintiff's counsel raised settlement and stated: "if you could go back to your client, explain the situation, look at the deadlines and all that, and consider, you know, a new settlement counter offer for our client to consider, that would be great so we can get some movement on here." *See id*. ¶ 11. Defendant's counsel responded: "I'll make sure with my client tonight, and I'll let you know tomorrow whether a new offer will be provided . . . ." *See id*. ¶ 12.

14. Notwithstanding that conference, Plaintiff filed its Status Report later the same day. *See* Dkt. 51.

15. In that Status Report, Plaintiff stated that Defendant "did not file an answer or other responsive pleading, and appears to have abandoned the case." *Id*. at 2.

16. That characterization is inaccurate. As of the filing of Plaintiff's Status Report, Defendant had already filed an Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. 21) and a Motion to Clarify the Status of Temporary Restraining Order and Preliminary Injunction

Proceedings (Dkt. 43), both of which remained pending. In addition, on the same day Plaintiff filed Dkt. 51, Plaintiff's counsel had just participated in a Local Rule 37.2 conference with Defendant's counsel concerning discovery, case scheduling, and settlement.

17.    After Plaintiff filed Dkt. 51, Defendant's counsel promptly contacted Plaintiff's counsel, Kahlia Halpern, to address the mischaracterization. Defendant's counsel wrote, among other things, that "[r]egardless of the parties' disagreements, it is clear that WHING has not abandoned this case," and that Plaintiff's statement in its status report "is inconsistent with the actual record and the parties' communications." See Ex. 2 at 5.

18.    Plaintiff's counsel nevertheless responded that "we maintain that our characterization of the case is accurate." *See id*. at 6.

19.    On May 14, 2026, Defendant again requested that Plaintiff correct its statement that WHING "appears to have abandoned the case" and further advised Plaintiff that Defendant believed the statement was unsupported by the record. *See id*. at 7-8.

20.    Later on May 14, 2026, without further conferring with Defendant's counsel, Plaintiff filed its Supplemental Status Report, again attempting to justify its characterization that Defendant "appears to have abandoned the case." *See* Dkt. 55.

21.    Defendant respectfully submits that the record does not support Plaintiff's characterization. Whatever disputes may exist regarding discovery, deadlines, or Plaintiff's default motion, Defendant's conduct is not consistent with abandonment. Defendant has appeared through counsel, engaged in communications with Plaintiff's counsel, filed substantive motions, participated in a Rule 37.2 conference, discussed scheduling, and continued to engage in settlement discussions.

22.    Defendant therefore submits this status report so that the Court has an accurate account of the procedural history and the parties' communications concerning Defendant's participation in this case.

Dated:    May 15, 2026.

THE LAW OFFICE OF X. LYU, PLLC

By: /s/   Xintong Lyu
     Xintong Lyu, NYSBA No. 6253975
     36-36 Prince St., Ste 309A
     Flushing, New York 11354
     (212) 812-823
     catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8273
Email: jwang@lyulawpllc.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 15, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
    Xintong Lyu