# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NBCUniversal Media, LLC,

      *Plaintiff*,

v.

The Partnerships and Unincorporated
Associations Identified on Schedule A,

      *Defendants*.

Case No.: 26-cv-02355

**Judge Elaine E. Bucklo**

**Magistrate Judge M. David Weisman**

## DEFENDANT WHING'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT WHING'S ANSWER

**THE LAW OFFICE OF X. LYU, PLLC**

Xintong Lyu, NYSBA No. 6253975
36-36 Prince St., Ste 309A
Flushing, New York 11354
(212) 812-8253
catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

# TABLE OF CONTENTS

**Page**

**INTRODUCTION**.................................................................................................................. 1

**ARGUMENT**....................................................................................................................... 2

    I.      PLAINTIFF FAILED TO EFFECT PROPER SERVICE ON WHING ................ 2

           A.      Service on a China-Based Defendant Must Comply with Rule 4(f) and the Hague Service Convention. ...................................................................... 2

           B.      China Has Objected to Article 10 Alternative Service, and Email Service Is Not Authorized for a Defendant Located in China. ..................................... 4

           C.      Plaintiff's Purported April 13, 2026 Alternative Email Service Did Not Trigger WHING's Rule 12(a) Deadline. ..................................................... 6

    II.     WHING'S ANSWER WAS PROPERLY FILED AND THERE IS NO BASIS TO STRIKE ........................................................................................................ 8

           A.      WHING's Prior Efforts to Challenge Injunctive Relief Did Not Waive Its Service Objections. ...................................................................................... 8

           B.      WHING's May 15, 2026 Answer Constituted a Voluntary Appearance and Submission to the Court's Jurisdiction, Not an Untimely Response to Valid Service......................................................................................................... 10

    **CONCLUSION** ........................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*,
364 F.3d 884 (7th Cir.2004) .................................................................................................. 8

*Continental Bank, N.A. v. Meyer*,
10 F.3d 1293 (7th Cir. 1993) ................................................................................................. 9

*Cook v. United States*,
288 U.S. 102 (1933) ............................................................................................................... 3

*Dugan v. Spivey Indus., Inc.*,
No. 00-cv-3544, 2002 WL 398509 (N.D. Ill. Mar. 14, 2002) ............................................... 7

*H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*,
694 F.3d 827 (7th Cir. 2012) ............................................................................................. 8, 9

*Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinée*,
456 U.S. 694 (1982) ............................................................................................................... 9

*Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*,
No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026) ............................................... 1, 5

*Medellín v. Texas*,
552 U.S. 491 (2008) ............................................................................................................... 3

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*,
623 F.3d 440 (7th Cir.2010) .................................................................................................. 8

*NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*,
549 F. Supp. 3d 790 (N.D. Ill. 2021) .................................................................................... 7

*Philips Med. Sys. (Cleveland), Inc. v. Buan*,
No. 1:19-cv-02648, 2021 WL 1536173 (N.D. Ill. Apr. 19, 2021) ........................................ 7

*Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*,
164 F.4th 164 (2d Cir. 2025) ................................................................................................. 6

*Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*,
126 F.R.D. 48 (N.D. Ill. 1989) .............................................................................................. 7

*United States v. Ligas*,
549 F.3d 497 (7th Cir.2008) .................................................................................................. 8

*Vorhees v. Fischer & Krecke*,
697 F.2d 574 (4th Cir. 1983) ................................................................................................. 3

*Water Splash, Inc. v. Menon*,
581 U.S. 271 (2017) ........................................................................................................ 2, 3, 4

**Statutes**

20 U.S.T. 361 .................................................................................................................. 4, 6

**Other Authorities**

Federal Rule of Civil Procedure 12(a) ................................................................... 1, 6, 10

Federal Rule of Civil Procedure 12(b) ........................................................................ 8, 9

Federal Rule of Civil Procedure 12(h) ........................................................................... 9

Federal Rule of Civil Procedure 4(f) ................................................... 1, 2, 3, 4, 6, 7

Hague Conf. on Priv. Int'l Law, Declaration/Reservation/Notification ........................................... 4

Hague Conf. Special Comm'n, Conclusions & Recommendations (July 2024) ........................... 5

U.S. Dep't of Just., Office of International Judicial Assistance ...................................................... 4

**INTRODUCTION**

Plaintiff NBCUniversal Media, LLC's ("Plaintiff") Motion to Strike rests on a false premise: that Defendant WHING was validly served by email on April 13, 2026, and therefore missed a May 4, 2026 answer deadline. That premise is wrong. WHING is a China-based defendant. Service on a defendant located in China must comply with Rule 4(f) and the Hague Service Convention. Plaintiff's purported alternative email service did not comply with those requirements, did not constitute valid service, and did not trigger any Rule 12(a) deadline.

Plaintiff's Motion characterizes WHING's Answer as an unauthorized late filing and accuses out-of-district or foreign counsel of treating the Federal Rules and Local Rules as optional. That rhetoric does not cure Plaintiff's defective service. Indeed, It is extremely impolite and unprofessional. The relevant question is not whether WHING filed an Answer after the date Plaintiff selected. The relevant question is whether Plaintiff validly served WHING in a manner capable of triggering an answer deadline. It did not.

The Seventh Circuit has recently confirmed that email service on a China-based defendant is improper where the Hague Service Convention applies. In *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, the Seventh Circuit held that the Convention is exclusive where applicable, that "the Convention enumerates the available means of service and prohibits all others," and that "if the Hague Service Convention applies, then service was improper because the Convention prohibits service by email in China." No. 25-2205, 2026 WL 1502198, at *6 (7th Cir. May 29, 2026). That holding directly defeats Plaintiff's theory. Plaintiff cannot rely on email service to establish a missed deadline, seek default-style consequences over any China-based defendants, or strike WHING's Answer.

Nor did WHING waive its service objection by appearing, opposing preliminary injunctive

relief, or seeking clarification of the case posture before filing its Answer. The Seventh Circuit has repeatedly held that a defendant may appear, seek relief, and litigate threshold objections without waiving personal-jurisdiction or service defenses. WHING's defensive efforts to address extraordinary injunctive restraints did not retroactively validate Plaintiff's defective service and did not convert an untriggered deadline into a missed one.

WHING's May 15, 2026 Answer should therefore be understood for what it was: a voluntary appearance and submission to the Court's jurisdiction going forward, not an untimely response to valid service. Because Plaintiff cannot establish valid service, a missed answer deadline, an excusable-neglect requirement, prejudice, or any proper basis for striking WHING's Answer, Plaintiff's Motion to Strike should be denied.

## ARGUMENT

## I. PLAINTIFF FAILED TO EFFECT PROPER SERVICE ON WHING

### A. Service on a China-Based Defendant Must Comply with Rule 4(f) and the Hague Service Convention.

Individuals in foreign countries may be served (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) "by a method that is reasonably calculated to give notice," if there is "no internationally agreed means"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

The Hague Service Convention, to which both the United States and China are parties, was adopted in 1965 to "simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017). The Convention's "primary innovation" is a uniform method of service that "requires each state to establish a central authority

2

to receive requests for service of documents from other countries." *Id*. at 275.

Where the Hague Service Convention applies, it is not merely optional guidance. The Convention is a self-executing treaty because it creates affirmative, judicially enforceable rules governing service of judicial documents abroad without requiring separate implementing legislation. *See Medellín v. Texas*, 552 U.S. 491, 516 (2008) ("The point of a non-self-executing treaty is that it addresses itself to the political, not the judicial department; and the legislature must execute the contract before it can become a rule for the Court."); *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575 (4th Cir. 1983) ("The court further found that the Hague Convention was a self-executing treaty."). Because the Hague Service Convention is self-executing, its service provisions have the force of federal law and are binding on federal courts in cases to which the Convention applies.

This matters because Rule 4(f)(3) itself permits court-ordered alternative service only by means "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The Rule therefore incorporates, rather than overrides, applicable treaty restrictions. In addition, because a self-executing treaty has the same dignity as an act of Congress, a later-in-time self-executing treaty supersedes an earlier inconsistent federal rule or statute to the extent of any conflict. *See Cook v. United States*, 288 U.S. 102, 119 (1933) (recognizing that a later-in-time self-executing treaty may supersede an earlier federal statute where the two conflict). Rule 4(f)(3) became effective before the Hague Service Convention entered into force for the United States on February 10, 1969. Accordingly, to the extent any looser reading of Rule 4(f)(3) would permit a method of service inconsistent with the Hague Service Convention, the Convention controls.

The Supreme Court has recognized the same principle. In cases governed by the Hague Service Convention, alternative service methods are permissible only if they are authorized or

permitted by the Convention. In *Water Splash*, the Court held that service by mail may be permissible only where two conditions are satisfied: "first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." 581 U.S. at 284. That holding confirms that the Hague Service Convention sets binding limits on service abroad and preempts inconsistent methods of service where the Convention applies.

The executive branch has likewise understood the Convention to be exclusive where applicable. The Department of Justice's Office of International Judicial Assistance states that, "[i]f the Convention applies, parties cannot agree or stipulate to a method of service that the Convention neither authorizes nor permits." U.S. Dep't of Just., Office of International Judicial Assistance[1].

Accordingly, when service is directed to a defendant located in China, Rule 4(f) must be read together with—and subject to—the Hague Service Convention. Plaintiff cannot invoke Rule 4(f)(3) to obtain a more convenient or expedited method of service if that method is prohibited by the Convention or by China's objections under the Convention. In cases governed by the Hague Service Convention, its requirements preempt any conflicting or less restrictive application of the Federal Rules of Civil Procedure.

**B.** **China Has Objected to Article 10 Alternative Service, and Email Service Is Not Authorized for a Defendant Located in China.**

Article 10(a) of the Hague Service Convention permits service "by postal channels, directly to persons abroad" only if "the State of destination does not object." 20 U.S.T. 361, 363. China has expressly objected to service by the methods provided in Article 10. *See* Hague Conf. on Priv. Int'l Law, Declaration/Reservation/Notification[2] (noting China's objection to service by the

---

[1] *See* website link: https://www.justice.gov/civil/page/file/1064896/dl?inline (last visited Jun. 4, 2026).

[2] *See* website link: https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=90&disp=resdn (last visited Jun. 4, 2026).

methods provided in Article 10). Accordingly, Article 10(a) service is not available for service on a defendant located in China.

The Hague Conference Special Commission's 2024 Conclusions and Recommendations confirm that email service falls within the scope of Article 10(a) only where such service is authorized by the law of the State of origin and permitted by the law of the State of destination. The Special Commission stated:

> "The SC noted that Article 10(a) includes transmission and service by e-mail, insofar as such method is provided by the law of the State of origin and permitted under the law of the State of destination."

Hague Conf. Special Comm'n, Conclusions & Recommendations ¶ 105 (July 2024)[3]. Thus, to the extent Article 10(a) encompasses email service, China's objection to Article 10 forecloses that method. Email service on a defendant located in China is therefore impermissible under the Hague Service Convention.

The Seventh Circuit recently reached the same conclusion. In *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, the Seven Circuit held that the Hague Service Convention is exclusive where it applies, explaining that "the Convention enumerates the available means of service and prohibits all others." No. 25-2205, 2026 WL 1502198, at *6 (7th Cir. May 29, 2026). The Seven Circuit further observed that "no portion of the Convention explicitly authorizes service by email," and that China has expressly objected to service under Article 10(a). *Id*. The Seventh Circuit therefore held that, "if the Hague Service Convention applies, then service was improper because the Convention prohibits service by email in China." *Id*.

The Second Circuit has likewise held that email service on China-based defendants is

---

[3] *See* website link: https://assets.hcch.net/docs/6aef5b3a-a02c-408f-8277-8c995d56f255.pdf (last visited Jun. 4, 2026).

prohibited by the Hague Service Convention. In *Smart Study Co., Ltd. v. Shenzhenshixindajixieyouxiangongsi*, the Second Circuit concluded that "email service on the Chinese defendants is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3)." 164 F.4th 164, 172 (2d Cir. 2025). The Second Circuit rejected the argument that the Convention's silence as to email service creates permission for email service, explaining that the Convention creates a closed system of authorized service methods and preempts inconsistent methods where it applies. *Id*. at 170–72.

In sum, China's objection to Article 10, the Hague Conference's 2024 interpretation, and recent appellate authority all point to the same conclusion: email service on a China-based defendant is not permitted where the Hague Service Convention applies. Plaintiff therefore cannot rely on Rule 4(f)(3) to serve a China-based defendant by email, and any purported email service is legally ineffective.

**C. Plaintiff's Purported April 13, 2026 Alternative Email Service Did Not Trigger WHING's Rule 12(a) Deadline.**

Plaintiff asserts in its Motion to Strike that "Defendant must serve an answer within 21 days after being served with the summons and complaint." Dkt. 60 at 2 (quoting Fed. R. Civ. P. 12(a)(1)(A)). But that deadline is triggered only by valid service. Because WHING was not properly served by email under Rule 4(f) and the Hague Service Convention, no Rule 12(a) deadline was triggered.

First, this case falls within the Hague Service Convention. Article 1 provides that the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," but "shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. at 362. Here, WHING, like many Amazon marketplace defendants, displayed its operating entity name and

6

physical address on its storefront.[4]  The Seventh Circuit has recognized that district courts handling Schedule A cases typically require plaintiffs to make "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address" before treating the defendant's address as unknown. *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021); cf. Fed. R. Civ. P. 4(f)(1) (applying a reasonableness standard for service abroad pursuant to internationally agreed means). Plaintiff has not shown that it made any reasonably diligent effort to identify WHING's physical address or to effect service through a method permitted by the Hague Service Convention. In the absence of any such showing, the Convention applies.

Second, defective service deprives the Court of personal jurisdiction over WHING and cannot trigger a response deadline. "Only proper service vests a district court with personal jurisdiction over a defendant." *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 1:19-cv-02648, 2021 WL 1536173, at *3 (N.D. Ill. Apr. 19, 2021) (internal citation omitted). Even where minimum contacts may exist, "[i]mproper service destroys a court's personal jurisdiction, making any judgment or order issued against the improperly served party void." *Dugan v. Spivey Indus., Inc.*, No. 00-cv-3544, 2002 WL 398509, at *2 (N.D. Ill. Mar. 14, 2002) (citing *Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 50 (N.D. Ill. 1989)).

Accordingly, Plaintiff's purported April 13, 2026 alternative email service did not constitute valid service on WHING and did not trigger the May 4, 2026 answer deadline Plaintiff now invokes. Plaintiff cannot manufacture an untimely answer by relying on service that was

---

[4]  WHING's Amazon seller profile publicly displayed its operating entity and physical business address, confirming that Plaintiff could have identified WHING's address through reasonable diligence before resorting to alternative email service. *See* Amazon Seller Profile for WHING, https://www.amazon.com/sp?ie=UTF8&seller=A34E7VMRB37HRI&asin=B0D4QTQ6MW&ref_=dp_merchant_link&isAmazonFulfilled=1 (last visited Jun. 4, 2026)

legally ineffective. WHING's Answer therefore should not be stricken on the theory that it missed a deadline that never began to run.

## II. WHING'S ANSWER WAS PROPERLY FILED AND THERE IS NO BASIS TO STRIKE

### A. WHING's Prior Efforts to Challenge Injunctive Relief Did Not Waive Its Service Objections.

Before WHING filed its Answer to the Complaint, WHING only appeared on the docket, opposed the preliminary injunction, and filed a motion for clarification regarding the status of the case. None of those activities waived WHING's objection to improper service.

Plaintiff cannot establish waiver merely because WHING responded to, opposed, or sought relief from extraordinary injunctive relief entered before proper service. The Seventh Circuit has made clear that "a party may appear and litigate both a personal jurisdiction defense and the merits of a case without waiving the personal jurisdiction defense." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 848 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 502 (7th Cir.2008) ("The federal rules permit defendants to simultaneously seek relief and raise a jurisdictional argument without waiving that defense.") (collecting cases). The Seven Circuit also explained that, "to waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir.2010). Rule 12(b) defense was not waived or forfeited when defendant engaged in preliminary pretrial litigation activity. Rather, plaintiff should have anticipated defendant's objection, and defendant was not misleading the plaintiff or wasting judicial resources. *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 887–88 (7th Cir.2004).

Thus, a defendant does not waive Rule 12(b)(2) or Rule 12(b)(5) objections merely by appearing to protect itself from immediate injunctive consequences.

This conclusion is consistent with the Supreme Court's waiver framework. Personal jurisdiction is an individual due-process right that may be waived, but waiver requires conduct amounting to express or implied consent to the court's adjudicatory authority. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 703–05 (1982). Rule 12 implements that principle by allowing a defendant to raise threshold objections without the obsolete formalism of a special appearance. *See* Fed. R. Civ. P. 12(b), 12(h). Nothing in Rule 12 provides that a defendant forfeits service or personal-jurisdiction defenses by responding to emergency injunctive relief while preserving those objections.

Nor does *H-D Michigan* support Plaintiff's waiver theory. There, the Seventh Circuit recognized that Rule 65 permits emergency injunctive relief on notice before formal service, but it separately reaffirmed that a defendant may continue to contest personal jurisdiction while litigating issues necessary to address injunctive relief. 694 F.3d at 842, 846–48. The controlling distinction is between limited participation to resist emergency relief while preserving threshold objections, on the one hand, and prolonged litigation on the merits without actively contesting jurisdiction, on the other. Compare *id*. at 848, with *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296–97 (7th Cir. 1993) (finding waiver after defendants fully participated in merits litigation for more than two years without actively pursuing the threshold objection).

Accordingly, WHING's response to injunctive relief did not waive its objections to improper service or lack of personal jurisdiction. WHING did not give Plaintiff a reasonable expectation that it would litigate the merits without preserving those objections, and Plaintiff cannot convert WHING's defensive efforts to avoid immediate injunctive harm into consent to

defective service or personal jurisdiction.

**B.  WHING's May 15, 2026 Answer Constituted a Voluntary Appearance and Submission to the Court's Jurisdiction, Not an Untimely Response to Valid Service.**

WHING's May 15, 2026 Answer was not an untimely response to valid service. It was a voluntary appearance and submission to the Court's jurisdiction notwithstanding Plaintiff's failure to effect proper service. Plaintiff's Motion to Strike depends entirely on the premise that its purported April 13, 2026 email service was valid and triggered a May 4, 2026 response deadline. Because that premise is wrong, Plaintiff's timeliness argument fails.

Rule 12(a)(1)(A) requires a defendant to serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). The triggering event is valid service. Where service is ineffective, no Rule 12(a) deadline begins to run. Plaintiff cannot rely on defective email service on a China-based defendant to create a response deadline, and then seek to strike WHING's Answer for failing to meet that legally nonexistent deadline.

WHING's decision to file an Answer on May 15, 2026 therefore should be understood for what it was: a voluntary submission to the Court's jurisdiction going forward, not a concession that Plaintiff's prior service was proper and not an admission that any earlier deadline had expired. A defendant may choose to appear and answer despite defective service. That voluntary appearance may waive future objections to personal jurisdiction or service, but it does not retroactively validate prior defective service or convert an untriggered deadline into a missed one.

Accordingly, WHING's May 15, 2026 Answer was properly filed. Because Plaintiff's April 13, 2026 email service was ineffective, no May 4, 2026 answer deadline was triggered, and Plaintiff cannot characterize WHING's voluntary Answer as untimely.

*     *     *     *     *

Plaintiff did not properly serve WHING; WHING later voluntarily appeared and answered; and Plaintiff now seeks to strike that Answer based on a deadline that never existed. The Court should reject that theory. Because Plaintiff cannot establish valid service, a missed deadline, excusable-neglect burden, prejudice, or any proper basis for striking WHING's Answer, the Motion to Strike should be denied.

## CONCLUSION

For the foregoing reasons, Defendant WHING respectfully requests that the Court deny Plaintiff's Motion to Strike. Plaintiff's purported email service on WHING, a China-based defendant, was improper and did not trigger any answer deadline. The Court should further confirm that email service on a China-based defendant such as WHING is ineffective.

Dated:    June 4, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: */s/   Xintong Lyu*
Xintong Lyu, NYSBA No. 6253975
36-36 Prince St., Ste 309A
Flushing New York 11354
(212) 812-8253
catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 4, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
Xintong Lyu