**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NBCUniversal Media, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule A, <br><br> *Defendants*. | Case No.: 26-cv-02355 <br><br> **Judge Elaine E. Bucklo** <br><br> **Magistrate Judge M. David Weisman** |

**DEFENDANT WHING'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
**FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

Defendant WHING respectfully submits this Memorandum of Law in support of its Motion for Sanctions against Plaintiff NBCUniversal Media, LLC ("Plaintiff") and its counsel pursuant to Federal Rule of Civil Procedure 11.

Plaintiff and its counsel told this Court that Defendant WHING "appears to have abandoned the case," even though they knew that statement was false when made. Dkt. 51; Dkt. 55. At the time Plaintiff filed its Status Report and later reiterated the same position in its Supplemental Status Report, WHING had already appeared through counsel, filed substantive motions, conferred with Plaintiff's counsel regarding discovery, requested a schedule for responsive pleadings and Rule 26(f) proceedings, and continued to engage in settlement discussions. Plaintiff's counsel was aware of those facts not by inference, but through direct communications with WHING's counsel, including a Local Rule 37.2 conference held the very day Plaintiff filed the challenged Status Report. After WHING promptly demanded correction,

1

Plaintiff refused and instead persisted in the same unsupported characterization. Rule 11 does not permit a party to present a knowingly misleading factual narrative to the Court and then preserve it after notice of its falsity. Sanctions are therefore warranted.

## FACTUAL BACKGROUND

This sanctions dispute arises from Plaintiff's description of Defendant WHING's litigation posture in Plaintiff's May 12, 2026 Status Report (Dkt. 51) and May 14, 2026 Supplemental Status Report (Dkt. 55). By the time those filings were made, WHING had already appeared through counsel, engaged Plaintiff in settlement discussions, provided core business and sales information for settlement purposes, filed substantive motions, and participated in a Local Rule 37.2 conference concerning discovery, scheduling, and settlement.

WHING's participation in the case began well before the challenged filings. On April 6, 2026, WHING's counsel contacted Plaintiff's counsel to request the sealed filings and to explore whether the dispute could be resolved without further litigation. *See* Dkt. 59-1 at 6. Plaintiff's counsel responded by requesting information necessary to evaluate settlement. *Id*. at 5. On April 7, 2026, WHING, through counsel, provided the identity and address of the entity operating the WHING Amazon storefront, the sales figures for the accused product, the specific ASIN at issue, and a representation that supplier information could be produced on an Attorneys' Eyes Only basis pursuant to an appropriate protective order. *Id*. at 3-4. On April 8, 2026, WHING conveyed a $500 settlement offer and further represented that it would cease selling and relisting the accused products as part of a full resolution. *Id*. at 1-2. Plaintiff rejected that offer. *See* Dkt. 58 ¶ 5.

After those early settlement efforts failed, WHING continued to litigate the case. On April 21, 2026, WHING filed an opposition to Plaintiff's motion for preliminary injunction. *See* Dkt. 21. On April 28, 2026, after no ruling had been entered and Plaintiff declined to consent to release of

WHING's restrained Amazon account, WHING filed a motion to clarify the status of the temporary restraining order and preliminary injunction proceedings. *See* Dkt. 43. Plaintiff itself later acknowledged in the Status Report that both filings remain pending before the Court. *See* Dkt. 51 at 2.

On May 6, 2026, Plaintiff filed its motion for entry of default and default judgment. *See* Dkt. 47. Plaintiff did so without first contacting WHING's counsel, notwithstanding the parties' ongoing communications and WHING's prior participation through counsel. *See* Dkt. 58 ¶ 9. Thereafter, Plaintiff requested a Local Rule 37.2 conference regarding WHING's purported failure to respond to expedited discovery, and the parties agreed to hold that conference on May 12, 2026, at 2:00 p.m. Central Time. *See* Dkt. 59-2 at 3.

The May 12 conference is central to the present motion. In WHING's counsel declaration, he states that, during that call, he explained that WHING was not categorically refusing discovery, but instead required entry of an appropriate protective order before producing confidential information. *See* Dkt. 59 ¶ 4. At approximately 5:24 of the call, WHING's counsel stated, in substance, that Plaintiff should prepare the proposed protective order, that defense counsel would review and execute it, and that "[a]fter that, we'll provide all the information." *Id*. ¶ 5. WHING's counsel further states that Plaintiff declined to prepare a protective order. *Id*. ¶ 6. He also raised the need to set a deadline for WHING's responsive pleading, a Rule 26(f) conference, and a discovery schedule in light of the Court's continued inaction on WHING's pending filings, and Plaintiff instead maintained that it intended to proceed on default. *Id*. ¶ 8. Finally, at approximately 10:24 of the call, Plaintiff's counsel raised settlement and asked defense counsel to return to the client with a new settlement counteroffer, to which WHING's counsel responded that he would speak with his client that night and report back the next day. *Id*. ¶ 11.

3

Later that same day, Plaintiff filed the Status Report. *See* Dkt. 51. In that filing, Plaintiff acknowledged that WHING had filed an opposition to the preliminary injunction motion and a motion to clarify, and that the motion to clarify remained pending. *Id*. at 1-2. Plaintiff nevertheless told the Court that WHING "did not file an answer or other responsive pleading, and appears to have abandoned the case." *Id*. at 2. Plaintiff did not disclose that, earlier the same day, its counsel had just conferred with WHING's counsel regarding discovery, scheduling, and settlement.

The next morning, May 13, 2026, WHING's counsel followed up with Plaintiff's counsel and conveyed WHING's revised settlement position, confirming that WHING remained actively engaged in the case and was continuing to negotiate. *See* Dkt. 59-2 at 5. Later that day, however, Plaintiff's counsel refused to retract the "appears to have abandoned the case" characterization and instead asserted by email that "we maintain that our characterization of the case is accurate." *Id*. at 6. In the same email, Plaintiff's counsel also asserted that, during the May 12 conference, WHING's counsel had "confirmed that Defendant will not be responding to the discovery," notwithstanding WHING's contrary declaration regarding WHING's request for a protective order as a prerequisite to producing confidential information. *Id*.

On May 14, 2026, WHING's counsel again demanded that Plaintiff correct the mischaracterization, explaining that WHING had not abandoned the case, that Plaintiff's statement was inconsistent with the actual record and the parties' communications, and that sanctions would be considered if the record were not corrected. *Id*. at 7-8. Rather than withdrawing the challenged statement, Plaintiff filed its Supplemental Status Report. *See* Dkt. 55. In that filing, Plaintiff again insisted that its characterization was accurate and went further, asserting that WHING's conduct was "consistent with the commonly employed strategy of attempting to get the funds released and disappear." *Id*. at 2. Plaintiff also represented that "[n]o action has been taken by Defendant since

4

the filing of this Motion," even though the record already included WHING's pending motions, the May 12 conference, and WHING's continuing settlement communications.

In response, WHING filed its own Status Report (Dkt. 58), and its counsel's supporting declaration (Dkt. 59) to place the procedural history and communications before the Court accurately. Those filings explain that WHING had not abandoned the case; rather, WHING had appeared through counsel, exchanged settlement communications, filed substantive motions, participated in the Local Rule 37.2 conference, requested a protective order for confidential discovery, proposed that the parties set a responsive-pleading and Rule 26(f) schedule, and continued to negotiate settlement after Plaintiff filed Dkt. 51.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) states: "By presenting to the court a pleading, written motion, or other paper … an attorney or unrepresented party certifies that to the best of [his] knowledge," the claims are warranted by existing law, and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). "Failure to comply with Rule 11 obligations … will result in sanctions, including dismissal of lawsuits, monetary sanctions, and a restriction on filing any new cases with the court." *Rahman v. Burton*, No. 25 CV 8489, 2026 WL 1180084, at *2 (N.D. Ill. Apr. 30, 2026).

Federal Rule of Civil Procedure 11(c) further authorizes the Court, on its own initiative, to order a party to show cause why specific conduct described in the order has not violated Rule 11(b). *Dennison v. Caudill*, No. 2:26-CV-00255-JRO-MKK, 2026 WL 1125108, at *4 (S.D. Ind. Apr. 23, 2026).

## ARGUMENT

**I.    PLAINTIFF VIOLATED RULE 11(b)(3) BY PRESENTING FACTUAL CONTENTIONS THAT LACKED EVIDENTIARY SUPPORT**

5

Rule 11 does not permit a party to present a factual narrative to the Court unless that narrative has evidentiary support after a reasonable inquiry. That is precisely the problem here. In Plaintiff's Status Report, Plaintiff told this Court that WHING "did not file an answer or other responsive pleading, and appears to have abandoned the case." Dkt. 51 at 2. That statement was not supported by the record when made. By May 12, 2026, Plaintiff knew that WHING had already appeared through counsel, filed an opposition to Plaintiff's motion for preliminary injunction, and filed a motion to clarify the status of the temporary restraining order and preliminary injunction proceedings, both of which remained pending. Plaintiff's own status report expressly acknowledged those filings in the very paragraph that culminated in the abandonment accusation. Thus, even on the face of its own Status Report, Plaintiff presented the Court with a characterization that was irreconcilable with the procedural posture Plaintiff itself described.

More importantly, Plaintiff's counsel possessed additional, direct knowledge that rendered the abandonment narrative untenable. On the very day Plaintiff filed Status Report, Plaintiff's counsel had just participated in a Local Rule 37.2 conference with WHING's counsel. During that conference, WHING's counsel explained that WHING was not refusing discovery categorically, but instead sought entry of an appropriate protective order before producing confidential information. Dkt. 59 ¶¶ 4–6. WHING's counsel also raised the need to set a deadline for WHING's responsive pleading, a Rule 26(f) conference, and a discovery schedule in light of the Court's continued inaction on WHING's pending filings. *Id*. ¶¶ 7–9. And Plaintiff's counsel herself raised settlement during that same call, asking WHING's counsel to return to his client with a new counteroffer, to which WHING's counsel agreed. *Id*. ¶¶ 10–12. A party actively discussing discovery procedure, case scheduling, and settlement through counsel is not "abandoning" the case. Plaintiff's contrary representation was therefore not a fair inference from disputed facts; it was a

factual contention lacking evidentiary support.

Nor can Plaintiff salvage Status Report by recasting WHING's litigation position as mere inaction. There is a material distinction between asserting that WHING had not yet filed an answer and asserting that WHING "appears to have abandoned the case." The former is a procedural fact. The latter is an argumentative factual accusation carrying obvious significance in the context of Plaintiff's effort to obtain default-related relief. Rule 11 required Plaintiff to ensure that this accusation had evidentiary support before presenting it to the Court. It did not.

## II.   PLAINTIFF AND ITS COUNSEL PERSISTED IN THE SAME MISREPRESENTATION AFTER RECEIVING NOTICE THAT IT WAS FALSE

Any doubt about the Rule 11 violation disappeared once WHING promptly demanded correction. On the evening of May 12, 2026, immediately after Plaintiff filed Status Report, WHING's counsel wrote to Plaintiff's counsel explaining that, "[r]egardless of the parties' disagreements, it is clear that WHING has not abandoned this case," and that Plaintiff's statement was "inconsistent with the actual record and the parties' communications." Dkt.59- 2 at 5. That notice did not merely express disagreement. It identified the specific falsehood, pointed Plaintiff to the actual procedural record, and referenced the same-day Rule 37.2 conference confirming WHING's active participation.

Plaintiff nevertheless refused to correct the misstatement. Instead, Plaintiff's counsel responded on May 13, 2026 that "we maintain that our characterization of the case is accurate." *Id*. 2 at 6. Plaintiff thus made an affirmative choice not to withdraw or correct the challenged statement even after being confronted with the very communications showing it was false. That refusal is highly significant under Rule 11. Whatever Plaintiff may now say about its original intent, once notice was given, Plaintiff had an obligation to reassess the factual basis for its filing. Rather than doing so, Plaintiff doubled down.

That refusal confirms the absence of a reasonable factual basis for the challenged statement. Rule 11 is not satisfied where a party is informed that a representation to the Court is materially inaccurate and then elects to preserve that representation without correction. At that point, the violation is no longer merely the filing of a misleading statement; it is the deliberate maintenance of that statement after notice of its falsity.

### III. SUPPLEMENTAL STATUS REPORT COMPOUNDED THE RULE 11 VIOLATION BY ADDING FURTHER UNSUPPORTED ACCUSATIONS

Plaintiff's Supplemental Status Report, Dkt. 55, did not cure the problem. It aggravated it. There, Plaintiff again defended its position that WHING "appears to have abandoned" the case and escalated the rhetoric by asserting that WHING's conduct was "consistent with the commonly employed strategy of attempting to get the funds released and disappear." Dkt. 55 at 2. That accusation is even more problematic than the statement in Dkt. 51. It attributes to WHING a bad-faith litigation tactic and implies an intent to evade the Court's authority, yet Plaintiff cited no evidence for that claim because none existed.

The actual record points in the opposite direction. WHING appeared through counsel, exchanged settlement communications, provided business and sales information for settlement purposes, filed substantive motions, participated in a Rule 37.2 conference, requested a protective order before producing confidential information, proposed scheduling the next procedural steps, and continued settlement dialogue after Dkt. 51 was filed. Dkt. 58 ¶¶ 1–21; Dkt. 59 ¶¶ 3–13. Plaintiff's supplemental filing ignored that record and replaced it with speculation about an alleged "strategy" to obtain release of funds and disappear. Rule 11 does not permit such conjecture to be presented as fact.

Plaintiff's Supplemental Status Report also asserted that "[n]o action has been taken by Defendant since the filing of this Motion." Dkt. 55 at 1. That statement, too, was misleading at

best. Even if Plaintiff intended to refer narrowly to the absence of a formal answer, the statement omitted the procedural and factual context Plaintiff already knew: WHING's pending motions, the May 12 conference, the request for a protective order and case schedule, and WHING's continued settlement communications on May 13. A filing may violate Rule 11 not only by stating something literally false, but also by presenting a materially misleading factual narrative through omission of known, contrary facts. That is what happened here.

## IV. SANCTIONS ARE WARRANTED

Sanctions are warranted because Plaintiff's challenged filings were not isolated slips of language. They were repeated written submissions to the Court advancing a factual narrative that Plaintiff knew was unsupported. Plaintiff first told the Court that WHING "appears to have abandoned the case." Dkt. 51 at 2. When WHING demanded correction and identified the contrary record, Plaintiff refused. Dkt. 59-2 at 5–6. Plaintiff then filed Supplemental Status Report, expressly reaffirming the same narrative and embellishing it with an additional unsupported accusation of a supposed strategy to "get the funds released and disappear." Dkt. 55 at 2. This course of conduct is precisely the sort of abuse Rule 11 is designed to deter.

The appropriate remedy should be tailored to cure the prejudice and deter repetition. At a minimum, the Court should strike or require withdrawal of the challenged statements in Status Report (Dkt. 51) and Supplemental Status Report (Dkt. 55) and direct Plaintiff to file a corrected status report accurately describing WHING's participation in this case. The Court should also award WHING its reasonable attorneys' fees and costs incurred in addressing Plaintiff's Rule 11 violation, including the fees and costs associated with preparing the present motion. If the Court concludes that additional factual development is necessary, it should at minimum issue an order to show cause under Rule 11(c) requiring Plaintiff and its counsel to explain why their filings did not

9

violate Rule 11(b).

Plaintiff's filings attempted to transform an active litigation dispute into a false narrative of abandonment. Rule 11 does not allow a party to do that, and it certainly does not allow a party to persist in doing so after being told, with specificity, that the record says otherwise. Sanctions should therefore be imposed.

### CONCLUSION

For all of the foregoing reasons, Defendant WHING respectfully requests that the Court strike or require withdrawal of the challenged statements in Plaintiff's Status Report (Dkt. 51) and Supplemental Status Report (Dkt. 55), direct Plaintiff to file a corrected status report accurately reflecting WHING's participation in this action, award WHING its reasonable attorneys' fees and costs incurred in addressing this Rule 11 violation, and grant such other and further relief as the Court deems just and proper.

Dated:    June 9, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: */s/   Xintong Lyu*
        Xintong Lyu, NYSBA No. 6253975
        36-36 Prince St., Ste 309A
        Flushing, New York 11354
        (212) 812-8253
        catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that, on June 9, 2026, the foregoing Memorandum of law in Support of Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record who are CM/ECF participants.

The undersigned further certifies that, before filing this Memorandum, Defendant WHING served the Memorandum on Plaintiff's counsel of record by email and U.S. mail on May 18, 2026, in accordance with Federal Rule of Civil Procedure 11(c)(2). More than 21 days have elapsed since service of the Motion.

I certify that all parties who have appeared in this action are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
Xintong Lyu

11