**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NBCUNIVERSAL MEDIA, LLC,

    Plaintiff,

    v.

THE HEIGHT OF THE ALTAR STELE, et al.,

    Defendants.

Case No. 26-cv-02355

**Judge Elaine E. Bucklo**

**Magistrate Judge M. David Weisman**

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff NBCUniversal Media, LLC ("Plaintiff" or "NBCUniversal") against, among others, Defendant zhanchunxia (Def. No. 93) ("Defendant"); and

Plaintiff and Defendant having resolved all claims arising from the allegations in the Complaint;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars from U.S. consumers, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "THE OFFICE Trademarks") to residents of Illinois. A list of the THE OFFICE Trademarks is included in the chart below.

1

| Registration Number | Trademark |
|---|---|
| 5,235,217 7,762,967 | DUNDER MIFFLIN |
| 7,576,006 7,584,331 | DUNDIE |
| 7,972,047 7,972,035 7,972,034 | SCHRUTE FARMS |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1.  Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a.  using the THE OFFICE Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine The Office Product or not authorized by Plaintiff to be sold in connection with the THE OFFICE Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine The Office Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the THE OFFICE Trademarks;

    c.  committing any acts calculated to cause consumers to believe that Defendant's Counterfeit Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.  further infringing the THE OFFICE Trademarks and damaging Plaintiff's goodwill; and

    e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the THE OFFICE Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff $6,100 (six thousand and one hundred dollars) in damages (the "Damages Amount").

3. Walmart, Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraphs 2 and 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [24].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: June 11th, 2026

_____
Elaine E. Bucklo
United States District Judge

3