**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NBCUNIVERSAL MEDIA, LLC, | |
| Plaintiff, | Case No. 26-cv-02355 |
| v. | **Judge Elaine E. Bucklo** |
| THE HEIGHT OF THE ALTAR STELE, et al., | **Magistrate Judge M. David Weisman** |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
<u>DEFENDANT WHING'S MOTION FOR SANCTIONS</u>**

Plaintiff NBCUniversal Media, LLC ("Plaintiff" or "NBCUniversal") submits the following response to Defendant WHING's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 [66].

Defendant's Motion [66] is based on Plaintiff's statement that Defendant "appears to have abandoned the case" in Plaintiff's Status Report [51] and Supplemental Status Report [55]. However, Plaintiff's characterization was accurate and based on factual contentions with evidentiary support. Defendant's request for sanctions based on one phrase is frivolous and should be denied. Plaintiff should also be awarded its attorneys' fees incurred in preparing this response.

Plaintiff used the term "appears" to indicate its perception of the case based on Defendant's inaction. Specifically, the term "appear" can be defined as "to have an outward aspect: seem"[1] or "to seem."[2] "To seem" can be defined as "to appear to the observation or understanding" or "to

---

[1] Appear, Merriam-Webster, https://www.merriam-webster.com/dictionary/appear.
[2] Appear, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/appear.

1

give the impression of being"[3] or "to give the effect of being; to be judged to be."[4] None of these terms indicate an absolute assertion (compared to, for example, "Defendant has abandoned the case"). Plaintiff's correct characterization was based on the following facts:

*First*, Defendant failed to respond to Plaintiff's Expedited Discovery Requests. On April 13, 2026, Plaintiff served Expedited Discovery Requests on Defendant, which were due within 3 (three) business days of service pursuant to the Temporary Restraining Order [24]. To date, Defendant has not responded to Plaintiff's requests. Declaration of Luana Faria de Souza ("Souza Decl.") at ¶ 2.

*Second*, Defendant failed to file an answer or other responsive pleading. Defendant was properly served on April 13, 2026 [37] and had an answer deadline of May 4, 2026. Defendant's appearance [38] [39], Memo in Opposition to Plaintiff's Motion for a Preliminary Injunction [40], or Motion to Clarify [43] do not constitute a formal answer or responsive pleading as required by Fed. R. Civ. P. 12. Defendant failed to request an extension before the answer deadline. Souza Decl. at ¶ 3. To date, Defendant has not shown excusable neglect for the delay. *See* Plaintiff's Motion to Strike Defendant WHING's Answer [60].

*Third*, Defendant failed to object to Plaintiff's Motion for Entry of Default and Default Judgment. On May 6, 2026, Plaintiff filed a Motion for Entry of Default and Default Judgment as to all remaining defendants in this case [47]. Plaintiff included Defendant in its Motion [47] because (1) Defendant failed to file an answer or other responsive pleading and (2) settlement negotiations had stalled. *See* Souza Decl. at ¶ 4. Defendant did not file an objection to Plaintiff's Motion.

---

[3] Seem, Merriam-Webster, https://www.merriam-webster.com/dictionary/seem.
[4] Seem, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/seem.

Plaintiff's counsel then contacted Defendant's counsel to schedule a Rule 37.2 meeting. *Id.* at ¶ 5. During the call — which Plaintiff, not Defendant, took the initiative to schedule — Defendant's counsel:

1) raised, for the first time and weeks after discovery responses were due, the need for a confidentiality order before it could provide responses to Plaintiff's discovery requests. *Id.* at ¶ 6. Defendant's counsel also indicated that it would not seek a confidentiality order, even though Defendant was the one claiming confidentiality. *Id.*

2) requested, for the first time and after the deadline had passed, an agreed schedule for Defendant to file a responsive pleading. *Id.* at ¶ 7. Plaintiff opposed this request on the basis that Defendant provided no reason for failing to request an extension prior to the deadline. *Id.*

3) confirmed that he was aware of Plaintiff's Motion for Entry of Default and Default Judgment [47] but did not indicate that Defendant would oppose the Motion [47]. *Id.* at ¶ 8.

4) stated that he would discuss settlement with the Defendant and let Plaintiff know *if* it had a new offer. *Id.* at ¶ 9. However, informal (and, in this case, uncertain) settlement negotiations do not excuse Defendant's failure to respond. *See Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226 (7th Cir. 1991) ("It should have been obvious to [defendant] that reliance on [plaintiff] was misplaced when it learned of the entry of the default judgment. However, [defendant] again chose to take no formal action until four months later.").

In sum, Defendant's failure to respond to discovery requests, file an answer to the Complaint, and object to entry of default and default judgment gave Plaintiff the impression that

Defendant had abandoned the case. Defendant's counsel did not indicate that any of those issues would be remedied on the May 12, 2026, call. Plaintiff "put the best face on the events" when it characterized Defendant's posture. *See Alliance to End Repression v. Chicago*, 899 F.2d 582, 583 (7th Cir. 1990) ("parties are free to put the best face on events, as the City did on Fishman's notes. That the district court later disagreed with the City's characterization […] hardly makes the advocacy sanctionable. It is essential to maintain the line between vigorous advocacy […] and frivolous conduct."). *See also Zambrano v. Sparkplug Capital, LLC*, 2021 U.S. Dist. LEXIS 105339, at *3-4 (N.D. Ill. June 4, 2021) (denying motion for sanctions where alleged "misstatements" went to "matters about which the parties draw different inferences from the available facts").

Finally, Defendant was not harmed by this statement in Plaintiff's Status Report [51] and Supplemental Status Report [55]. Defendant could have easily remedied any misconceptions by filing the overdue papers, rather than expecting Plaintiff to represent to the Court that Defendant "might" appear and move the case forward. Defendant's request for sanctions based on one phrase is frivolous and should be denied. *See Meeks v. Jewel Cos*., 845 F.2d 1421 (7th Cir. 1988) ("We are troubled by the frequency with which lawyers in this court […] are including in their briefs groundless requests for Rule 38 sanctions. The attitude seems to be, it can't hurt to ask. It can. Any frivolous motion, pleading, or request is subject to sanctions, including a motion or request for sanctions."). Plaintiff should also be awarded attorneys' fees incurred in preparing this response. *See Foy v. First National Bank of Elkhart*, 868 F.2d 251, 258 (7th Cir. 1989) (awarding attorney fees incurred in defending against a frivolous request for sanctions).

Thus, Plaintiff respectfully requests the Court to deny Defendant WHING's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 [66]. In addition, this Court should award attorneys' fees for this Response to Plaintiff.

Dated this 6th day of July 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff NBCUniversal Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff NBCUniversal Media, LLC*

6